*HART and others *vs.* COLTRAIN.

On a motion for a new trial on a *case* made, the court will receive *documentary evidence*, which could not have been controverted had it been produced at the trial, to defeat the motion; but this rule does not apply where the motion for a new trial is founded on a *bill of exceptions.*

IN October, 1835, the plaintiffs in this cause obtained a verdict, which was set aside, and a new trial granted in May term, 1838. *See* 19 *Wendell*, 378. The cause was again tried, and a verdict found for the *defendant.* The plaintiffs, on a *bill of exceptions*, now move for a new trial. The action was *ejectment*, and the plaintiffs claimed to recover as the *heirs at law of Jacob Hart.* The defendant claimed under a sale by virtue of an order of the judge of the *court of probates* of this state, made in 1814, on the petition of the *administrator* of the estate of *Jacob Hart.* The plaintiffs objected, among other things, that the judge of the court of probates had not jurisdiction in the matter, because it did not appear that the administrator had made and presented to the judge *an account of the personal estate of the intestate.* The jury, under the charge of the judge, notwithstanding, found a verdict for the defendant; and now on the argument of the cause, the counsel for the defendant presents an *exemplification* of an affidavit made by the administrator on the 4th August, 1814, before the judge of the court of probates, which he insists, with the matters proved on the trial, is sufficient to show that the judge had jurisdiction.

*B. Davis Noxon*, for the plaintiffs.

*M. T. Reynolds*, for the defendant.

*By the Court*, BRONSON, J. On a second trial of this action, *see* 19 *Wendell*, 378, the defendant obtained a verdict, and the plaintiffs took *exceptions.* The plaintiffs, among other things, objected that the judge of the court of probates *had no jurisdiction to order a sale [ *15 ] of the real estate, because it did not appear that the administrator made and presented to the judge *an account of the personal estate and debts of the intestate.* 15 *Wend.* 450. 19 *id.* 334. 20 *id.* 241. By way of answer to this objection, the defendant has, since the trial, produced an exemplified copy of an affidavit made by the administrator before the judge of the court of probates, on the day the sale was ordered; and he insists, that this affidavit, in connection with the matters proved on the trial, shows that such an account was presented as would give the judge jurisdiction to order a sale.

New-York, May, 1840.—McPherson v. Cheadell.

A motion for a new trial, on a *case* made, is addressed to the sound discretion of the court; and where the party relies on some defect in the proofs, which is afterwards supplied by evidence which could not have been controverted had it been produced at the proper time, and the court see that a new trial could be of no use, the motion will be denied. *Burt* v. *Place*, 4 *Wendell*, 597, *and cases cited.* But this rule does not apply to a *bill of exceptions*, and we cannot look into the affidavit.

New trial granted.