DE PEYSTER, administrator, *vs.* FERRERS, administratrix.

Where the owner of certain claims gave a power of attorney to F. to recover the same, and stipulated to allow him a specified commission on the amount recovered, and afterwards made an assignment of the claims to F. in trust, the better to enable him to recover the same, and F. subsequently died, but previous to the revised statutes, and his administratrix after the death of F. recovered the claims; *Held,* that she was entitled to the commissions; she having succeeded to the rights of F. as trustee, by operation of law.

By the common law, where a trustee of personal estate died without having executed the trust, such trust devolved upon his personal representatives; who were bound to proceed and execute the trust.

THIS case came before the chancellor upon appeal; and the only question in controversy was whether the personal representatives of a trustee, who died previous to the revised statutes, were entitled to the commissions, for executing the trust, which were stipulated to be paid to the trustee by the terms of the trust deed.

*M. S. Bidwell,* for appellant.

*D. B. Ogden & D. Greig,* for respondent.

THE CHANCELLOR. This is an appeal from the decision of the vice chancellor of the first circuit, disallowing the claim of the defendant for commissions, under the agreement with the testator of the 28th of January, 1799. The power of attorney of that date was undoubtedly revocable. And if the claim of the defendant depended upon that alone, it must of course be considered as revoked by the death of Ferrers; so as to leave no further duty to be performed by his personal representatives. But even in such a case I am not prepared to say that the representatives would not be entitled to the commissions if they actually proceeded and recovered the moneys, under the Spanish treaty, or otherwise, without any other charge to the parties beneficially interested than they would have been bound to pay if Ferrers himself had survived and attended to the business in person. The case of *Gray* v. *Murray*, (3 *John. Ch. Rep.* 167,) decided by Chancellor Kent, in 1817, is a very strong authority in favor of sustaining the equitable claim of the executrix to the stipulated reward, or commission, in such a case.

The case under consideration, however, does not depend solely upon the power of attorney and the agreement of 1799; but must be taken in connection with the fact, which appears in the pleadings, that actual assignments, of the various claims referred to in that power and agreement, were made to Ferrers in his lifetime; in trust, that he might prosecute such claims in his own name, as such trustee, for the purpose of recovering the same. This was not only a power coupled with an interest in him, to the extent of the compensation stipulated in the agreement of January, 1799, but it was a trust, which devolved upon his executors and executrix by the common law. Previous to the revised statutes, where a trustee died, the trust property, if real estate, passed to the heir or devisee; and if personal, it went by operation of law to the executor or administrator of the trustee charged with the trust; who held it in the same character in which the decedent held it. (*See Lewin on Trusts*, 205, *and cases there cited*.) In the case under consideration, therefore, these claims were rightfully prosecuted by the personal representa-

tives, as trustees. And if they had neglected to present these claims under the treaty, whereby they had been lost, it would have been a breach of trust for which the estate of the decedent would have been liable.

The compensation paid to Mr. Colden, by the claimants, was paid to him as counsel; and was probably the same compensation which was paid to counsel in other cases, for their services in advocating claims of a similar character. And at the time they paid it to him they knew he claimed it in that character, and not as a part of the commissions due the estate of Ferrers under the agreement of January, 1799. Indeed that agreement expressly provided for the repayment to Ferrers, or his representatives, of all moneys necessarily expended for lawyers' and notaries' fees, and other expenses in executing the trust. And if the cestui que trust thought proper to liquidate the claims of counsel, and others, and settle them himself, he could have no claim to deduct the same from the commissions due the estate; upon the ground that he had paid too much.

I conclude, therefore, that the estate of Ferrers is entitled to the commissions in controversy; and that the decree appealed from is erroneous. It must be reversed; and the costs of the executrix of Ferrers in the original suit must be paid out of the estate of the complainant's intestate. But they are not to be charged on the complainant personally, in case there are no assets of that estate. And neither party is to have costs as against the other, on this appeal.