E. Darwin Smith, J.
The provisions of the act passed May 22, 1872, entitled “ An act to amend an act to secure to creditors a just division of the estates of debtors who convey to assignees for the benefit of creditors,” passed April 13, 1860, so far as it provides for the revival of the proceedings against the personal represen *526 tatives of any deceased assignee, clearly apply to the proceedings instituted upon the petition of John Y. Grove against the deceased assignee, Hiram Osborn, referred to in the papers and proceedings in these matters. The last paragraph of said act is as follows: “In case any assignee has died during any proceeding now pending or undetermined under the act hereby amended, or shall hereafter die during the pendency of any proceeding under this act, his personal representatives or successors in office, or both, may be brought in and substituted in said proceedings, on such notice of not less than eight days, as the county judge before whom said proceeding is pending may order, in all cases and with like force and effect as if said accounting had been in an action in any court having jurisdiction thereof,” &c.
The petitioner Grove had instituted a proceeding in due form, under the act amended, as above stated, against Hiram Osborn who had been appointed assignee of a firm by the name of Harris Thomas & Sons. This proceeding was commenced or instituted by said Grove on the 4th of August, 1862, and the same was prosecuted and litigated before the county judge of Seneca county, and before the Supreme Court, and was pending on the 11th of April, 1867, when the said Osborn died. The proceeding therefore abated, and was not further prosecuted, as it could not be, for want of a party defendant, until the institution before the county judge of the proceedings for the revival or continuance of the same by substitution of the appellants on this appeal in the place of said Osborn.
After the decease of Osborn, it appears that Tracy, one of the appellants, was, by this court, duly appointed trustee in the place of said Osborn, to execute the trust of said assignee, and the other appellant, Keziah Osborn, the wife of said assignee, was, by the surrogate of the proper county, duly appointed administratrix of his *527 estate. These were the proper parties under the act aforesaid, as it provides that the personal representatives of the deceased assignee, or his successors in office, or both, might be substituted in his place in said proceedings. The counsel for the appellants contends that the act of 1872, aforesaid, does not apply to this proceeding, because it had abated on the death of Osborn, and was not pending at the time of the passage of said act. But the act in terms applies to proceedings instituted under the original act of 1860, where the assignee had previously died, that is, had died before the passage of said act, as well as to the cases where the assignee should thereafter die. The statute is as follows: “In case any assignee has died' during any proceeding now pending undetermined under the act hereby amended,” the proceeding instituted by the petitioner was pending and undetermined, within the plain meaning and intent of the statute when the act of 1872 passed, and said assignee had previously died. So the act applies,'In express terms, to this proceeding. The act was clearly designed to operate retrospectively—to apply to proceedings previously instituted. The question remains, whether the legislature had power to revive proceedings so abated by the death of the defendant. The argument is that the act in this particular is unconstitutional. This argument cannot be maintained. The act of 1872 merely affects the remedy for the prosecution of preexisting rights by providing for the revival of a suit or ■ proceeding properly instituted against a person since deceased, by bringing in his representatives and substituting them in the place of the deceased party. They are to be brought into court and allowed to defend, and nothing is or can be done against them, or the estate of the deceased party, till they are duly brought in and made parties to such proceedings. This the legislature might, I think, clearly do. I see no error in th pro-
*528 [Fourth Department, General Term, at Syracuse,
January 7, 1873.
Mullin, Talcott and E. D. Smith, Justices.]
ceeding for this purpose before the county judge. I think the order made by him should be affirmed, and the proceedings remitted to him for further prosecution.
Ordered accordingly.
Talcott, J., concurred.
Mullin, P. J., dissented.