SCHLUTER *v.* BOWERY SAV. BANK.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. EXECUTORS AND ADMINISTRATORS—PAYMENT TO FOREIGN ADMINISTRATRIX—DEPOSIT IN DOMESTIC SAVINGS BANK.
   A payment made by a domestic savings bank to the foreign administratrix of a deceased depositor is valid, in the absence of any intervening equity, though voluntary.

2. SAME—DEPOSIT IN DOMESTIC SAVINGS BANK—WHO IS ENTITLED TO.
   A duly-qualified executor, appointed in this state, is the proper representative of his testate, a depositor in a domestic savings bank, and is authorized to obtain the fund to the credit of the deceased in the bank.

Motion for reargument.

Eliza Schluter, administratrix, sued the Bowery Savings Bank to recover a deposit of her intestate. Judgment for defendant, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John McCrone*, for appellant. *Carlisle Norwood*, for respondent.

BRADY, J. In the opinion rendered on the appeal herein it was stated that the payment made by the defendant of the fund in controversy was made to the administrator of the intestate depositor appointed by the surrogate of Hudson county, N. J., on production of the pass-book and letters of administration, and letters testamentary, also, issued to him by the surrogate of this county. The last statement was incorrect, inasmuch as the administrator named had not received letters testamentary; and a reargument was ordered for that reason. The erroneous statement being withdrawn, the result must nevertheless be the same, inasmuch as it is well settled that a payment made by a domestic debtor to a foreign administrator, even though voluntary, is valid, in the absence of any intervening equity or right. *Parsons* v. *Lyman*, 20 N. Y. 112; reaffirmed in *Wuesthoff* v. *Insurance Co.*, 14 N. E. Rep. 811, (Court of Appeals.) The payment was made upon demand by a person authorized to receive it; and, as we have seen from the authorities cited in the former opinion, the defendant would not have been justified in refusing to pay upon the demand made, for the reason that no defense was apparent. If this view be incorrect, however, the plaintiff is still remediless in this action, for it appears that the depositor left a will by which Charles Sier was nominated as her executor, who received letters testamentary on its probate in this county, which took place on November 17, 1875, nearly one month after the payment by the defendant to the foreign administrator. If the trust created by the deposit did not devolve on the administrator by reason of his foreign appointment,—as to which, *quære*,—it did on the executor; and he demanded the money from the defendant within a few days after his appointment, although it was subsequent to the payment mentioned. If that payment should

be held to have been erroneously made to the administrator,—which is not conceded,—then the executor, having been appointed in this state, and the fund being here, is the legal representative of the depositor, upon whom the trust devolved, (*Boone* v. *Bank*, 84 N. Y. 83,) and duly authorized, therefore, to obtain the fund in dispute by proper proceedings for that purpose. In all points of view, therefore, the conclusion heretofore arrived at is correct and must be sustained. Ordered accordingly.

DANIELS, J., (*concurring*.) At the common law, as it was held in this state prior to the act of 1882, a trust in personal property devolved upon the personal representative on the decease of a sole trustee. *De Peyster* v. *Ferrers*, 11 Paige, 13. And as the laws of the state of New Jersey have not been shown to be different, the presumption is that it was the same there, at the time of the transactions presented in this case. In 1872 or 1873 the depositor and trustee of the money in suit went with her husband and their infant daughter, the beneficiary named in the deposit account, to reside in the county of Hudson and state of New Jersey, and they all continued to reside there until the decease of the mother and trustee. The probate court of that county accordingly had jurisdiction over the estate of the deceased trustee, and, when letters of administration were issued by it to the surviving husband, that vested him with the same trust for the benefit of his infant daughter. And although as a foreign administrator he could not, in this state, sue for and collect the money from the defendant, a voluntary payment to him by the bank was lawful. The bank owed that sum of money to the trustee, and to the administrator after her decease; and his appointment, and the payment to him on the faith of his letters, has the sanction of the authorities in this state. *Parsons* v. *Lyman*, 20 N. Y. 103; *Middlebrook* v. *Bank*, 3 Abb. Dec. 295. And as the letters of administration were in force at the time of that payment, it discharged the bank, and the judgment should be affirmed.

VAN BRUNT, P. J., concurs.