## STEINHAUSER *v.* MASON.

*(Common Pleas of New York City and County, General Term. June 6, 1892.)*

1. SALE—CONSPIRACY TO DEFRAUD BUYER—EVIDENCE.
    A finding that a seller did not enter into a conspiracy with an employe of the buyer to defraud the latter by falsely representing the value of the goods was warranted when the buyer testified that he relied altogether upon the judgment of his employe, and there was nothing to show any connection between the seller and the employe, except that the latter had been in the service of the former, which the buyer knew.

2. AMENDMENT OF ANSWER—SAME DEFENSE.
    The buyer having merely alleged such conspiracy between his employe and the seller, and that the seller knew that he was defrauding him and charging twice as much for the goods as they were worth, upon the introduction of evidence tending to show false representations made by the seller's employe, there was no error in denying a motion to conform the answer to the proof, "to have it clearly shown upon the record" that the goods were not worth the sum charged, but only a sum not exceeding a named amount, as no additional defense was thereby proposed.

3. REVIEW ON APPEAL—CASE CONTAINING ONLY PORTIONS OF EVIDENCE.
    A finding that a claim on which an action is brought by an assignee for the benefit of creditors passed to him under the assignment will not be disturbed on appeal when the case does not contain the assignment in full, and there is only a certificate that the case contains all the testimony.

Appeal from judgment on report of referee.

Action by Henry W. Steinhauser, assignee of Charles Magnus, for the benefit of the latter's creditors, against John Mason. From a judgment for plaintiff, entered on the report of a referee, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*F. Bien*, for appellant. *A. Kling*, for respondent.

DALY, C. J. The action was originally commenced by the plaintiff's assignor, Charles Magnus, to recover $12,411.89, balance claimed to be due upon the sale by him to the defendant of merchandise consisting of diamonds, pearls, and precious stones, at the agreed price of $33,280.49, crediting defendant with the payment of $20,000 on account, and the return of part of the goods of the value of $868.60. After the commencement of the action the plaintiff, Magnus, made an assignment for the benefit of creditors to the present plaintiff, and the action was continued by the latter by supplemental complaint. The defense to the claim upon which the action is based is that the defendant, a young man, had just started in the diamond and jewelry business, and was unacquainted with diamonds and precious stones, and that Magnus and one Lakemeyer, who was an employe of defendant, entered into a conspiracy to take advantage of defendant's ignorance, and sell said goods to him upon the representation made by Lakemeyer that they were reasonably worth the sum charged therefor, and could not be purchased at a cheaper price in the open market from importers of such goods, and that Magnus well

knew at the time that the prices were double what the goods could have been purchased for in the open market, and that he knew that he was defrauding defendant out of his money, and that, in reliance upon such representations, defendant purchased the goods. The defense was not supported by the proof. Beyond the fact that Lakemeyer had been in Magnus' service before he was employed by defendant, no connection between the two was shown; and, as the defendant knew when he hired Lakemeyer that he had been so previously employed by Magnus, there was no deception in that regard. According to defendant's own testimony, Lakemeyer advised him to purchase the goods, and he relied upon Lakemeyer's judgment; but this, in the absence of any proof that Lakemeyer was acting with Magnus, not only made out no case against Magnus, but in fact negatived any claim that the sale was induced by the representations of the vendor. It is true the defendant also swore that one Stackhouse, the salesman for Magnus, represented the goods to be first class, and the best in the market, and as cheap as could be bought in the open market, and defendant swore that he relied upon Stackhouse's statement; but the referee was entirely justified in finding that the purchase was made by defendant in reliance upon the judgment of his employe, Lakemeyer, and nothing else. The defendant testified that Lakemeyer examined the goods, and told him that they were excellent stuff, and that he employed Lakemeyer as an expert diamond dealer, and relied upon his judgment altogether. This testimony could leave no doubt in the mind that the defendant bought the goods in reliance upon the judgment of Lakemeyer, and not upon anything that Stackhouse might have to say in praise of his employer's wares. It is not to be easily credited that in making a purchase of over $30,000 worth of precious stones, of the value of which he knew nothing, the defendant would rely upon any such general representations as he attributes to Stackhouse, who, it may be said, frankly admits that he told the defendant that they were all first-class goods. But the defendant hired Lakemeyer to protect his interests in such purchase, and, it is evident, relied upon his opinion in making this purchase. The referee was therefore justified in finding that there was no fraud or conspiracy practiced by Magnus, or his agents or employes, and that no representations were made by Stackhouse or by Magnus to induce the sale, and having made a finding to that effect, it is immaterial that he, although he found, in compliance with a request of defendant, that the plaintiff was bound by the representations of Stackhouse, refused to embody such finding in his decision.

The plaintiff, having failed to prove his defense of conspiracy between Magnus and Lakemeyer, claims that the evidence establishes an additional defense, to wit, fraudulent representations by Magnus, through Stackhouse, inducing the sale. This defense is not set up in the answer, nor did the defendant move for an amendment to the answer, so as to allege such a defense. He did make a motion to conform the answer to the proof, "to have it clearly shown upon the record that the goods sold by Magnus, and mentioned in the bill of sale, were not reasonably worth the sum therein charged, but were only worth the sum of not exceeding $20,000, and that they could have been bought upon the open market at that price." This motion was denied by the referee because that defense was already set up in the answer. The answer does contain an allegation substantially to that effect, but contains no claim of fraudulent representations to induce the sale, except such as were averred to have been made by Lakemeyer in pursuance of the alleged conspiracy. No additional defense was therefore proposed by the motion to conform the answer to the proof. But, even if the proposed amendment set forth the additional defense claimed, the proof failed to establish such defense; for it was evident that the goods were not purchased in reliance upon any representations of Stackhouse or of Magnus, but upon the representation of defendant's own employe, Lakemeyer.

The defense of conspiracy or of fraud not having been established, the exceptions to rulings upon evidence as to the value and quality of the goods, the qualifications of witnesses as experts, etc., do not require consideration. Much stress is laid upon the objection that it is not shown that the claim in suit passed to the assignee under the general assignment. The assignment was offered in evidence, but it is not printed in full in the case, and as there is no certificate that the case contains all the evidence offered upon the trial, but only a certificate that it contains all the testimony, we must assume that there was sufficient evidence before the referee to support his finding that the assignee was entitled to judgment. We have examined the other exceptions in the case, but they do not call for reversal. The judgment should be affirmed, with costs. All concur.