(2 Misc. Rep. 347.)

In re MAGNUS.

In re STEINHEAUSER.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—DEATH OF ASSIGNEE——SUBSTITUTION.

The general assignment act, (Laws 1877, c. 466, § 10,) providing that in case an assignee shall die pending any proceeding under the act, or at any time subsequent to the filing of any bond therein, his personal representative may be substituted as assignee, but, if he die before any proceedings, another may be appointed assignee, entitles the widow and executrix of a deceased assignee to substitution, if any proceedings have been taken.

2. SAME.

Laws 1882, c. 185, providing that on the death of a trustee the trust estate shall not descend to the next of kin or personal representatives, but vest in the supreme court, has no application to assignments, but applies only to express trusts, which are set forth in Rev. St. (8th Ed.) p. 2437, § 55.

3. SAME—RIGHTS OF WIDOW.

The fact that the personal representative is a woman, widow of the deceased assignee, or that certain of deceased's charges may be disputed on an accounting, does not affect her right of substitution under the act.

Appeal from special term.

Petition by Charles Cottier and Jean G. C. Cottier, at special term, for an order to show cause why an order substituting Mary C. Steinheauser as assignee of Charles Magnus, in the place and stead of her

husband, Henry W. Steinheauser, should not be vacated and set aside. The order was granted, and Mary C. Steinheauser removed from her position as assignee. ' She therefore appeals. Modified.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Abram Kling, for appellant.
Franklin Bien, for respondent.

BOOKSTAVER, J. On or about the 25th November, 1890, Charles Magnus made a general assignment for the benefit of his creditors to Henry W. Steinheauser, who duly accepted the trust, and the assignment was on the same day filed in the office of the clerk of the city and county of New York. Steinheauser duly filed his bond in the sum of $50,000, as fixed by the court, and entered upon the discharge of his duties as such assignee. Thereafter Magnus entered into a composition agreement with his creditors, or most of them, in and by which they agreed to receive and accept 65 per cent. on the dollar of their indebtedness in full satisfaction of their demands; and at a meeting of creditors, where the composition agreement was executed, Charles Cottier, respondent in this action, was appointed one of a committee of three persons, who recommended the creditors of Magnus to accept the said sum, and discharge him from their respective claims, and at that meeting all the parties present agreed to the terms of the composition agreement. Cottier Bros. were tendered their amount under the agreement, but refused to accept the same, or to sign the agreement, claiming, as we gather from the papers, that a larger sum had been paid to certain of the creditors. Their claim is now in action in the city court, in which action they seek to recover $600.87, but which the assignee claims amounted to only $189.56, and he also interposed as a defense the composition agreement, and the acceptance of the same by Cottier Bros., and the tender of the amount alleged to be due and owing under the terms of the agreement. It also appears from the papers in this case that an action was instituted in this court by Magnus against one John Mason to recover the sum of $12,411 for goods sold and delivered, in which respondent's counsel appeared as attorney for the defendant, and that judgment was obtained in that action on the 3d day of December, 1891, for the sum of $14,146.77, which was affirmed by the general term of this court, (19 N. Y. Supp. 228,) and thereafter an appeal taken to the court of appeals which is still pending, and during which appeal said Henry W. Steinheauser died. That, for the purpose of having that case heard in the court of appeals, Mary C. Steinheauser, as the executrix and legal representative of Henry W. Steinheauser, deceased, made an application to the court of appeals that she, as executrix, be substituted as the plaintiff and respondent in that action; and during the pendency of that motion she applied at a special term of this court for an order that she be made substituted assignee in the place of Henry W. Steinheauser, which was granted, and this order was submitted to the court of appeals, but the motion was denied by that court on the ground that an executor could not be substituted as plaintiff in that action, but only

as substituted assignee.    32 N. E. Rep. 69.    On the 14th October, 1892, one of the judges of this court made an order to show cause, upon the petition of the Cottiers, why the order of the 30th September, 1892, substituting Mary C. Steinheauser, should not be vacated and set aside, and why she should not account for all the property of the assigned estate which had come into her possession as executrix of Henry W. Steinheauser, and which she may have received as assignee for the benefit of creditors of Charles Magnus.    That the Cottier Bros., in their petition, set forth that their claim is for the sum of $600.87, but admit that a set-off is claimed thereto to the amount of $411.31, leaving an admitted balance of $189.56 due them.    They also allege in their petition that the said Charles Magnus has been declared a lunatic, and his wife, Cora L. Magnus, appointed as committee of the person and property, and that no notice of said application of said Mary C. Steinheauser to be appointed as substituted assignee was ever served upon them.    It also sets forth that on or about the 17th October, 1892, they instituted an action in the supreme court against the assignor and assignee for an accounting, and that the time to answer in the said action was extended by the attorney of the plaintiff from time to time, and has not yet expired.    It also appears that Mary C. Steinheauser was willing and ready to deposit the amount of the alleged indebtedness to the petitioners with this court or furnish any bond required for the performance of her duty as substituted assignee, and also to obtain the consent of any person interested in the estate that she be substituted as such substituted assignee, which the court apparently failed to consider.    It also appears that upon the application for the order made on the 30th September, 1892, nearly all the creditors had compromised the amount of their respective demands, and the court directed that the service of the order to show cause to be made upon the estate of Charles Magnus only.

The order of the 11th November, 1892, vacated the order of the 30th September, 1892, and removed Mary C. Steinheauser as substituted assignee in place and stead of her husband, Henry W. Steinheauser, the deceased assignee, and appointed another in her stead as substituted assignee, and appointed a referee to state and pass the accounts of Henry W. Steinheauser, deceased.    In this we think the court erred.    By Laws of 1877, c. 466, § 10,[1] it is provided:

"In case an assignee shall die during the pendency of any proceeding under this act, or any time subsequent to the filing of any bond required therein, his personal representative or successor in office, or both, may be brought in and substituted in such proceeding, on such notice, of not less than eight days, as the county judge may direct to be given; and any decree made thereafter shall bind the parties thus substituted, as well as the property of such deceased assignee: provided, however, that if such assignee die subsequent to the filing of his bond, and before any proceedings may have been had thereunder, then the surety on such bond may apply to the county judge for an accounting, who may, on such terms as to him seem just and proper, appoint another assignee, and release such surety."

Under the common law, where an assignee or trustee died, his legal representative was always appointed in place and stead of the decedent,

---

[1] The general assignment act.

as the proper party to close the trust.  De Peyster v. Ferrers, 11 Paige, 13; Dias v. Brunnell, 24 Wend. 13.    And by the express provisions of the act before quoted the personal representative of a deceased assignee must be brought in and substituted in such proceeding in the place of the assignee, as having the custody of the property of the deceased trustee; and the only exception provided for under that act, where such personal representative may not be appointed, is where it appears that subsequent to the filing of the bond, and before any proceeding had been had thereunder, the surety may apply for the appointment of a new assignee.    Hence, if proceedings have been taken, it follows that the right of the surety to ask for the appointment of a new assignee is barred. This right of the personal representative to be substituted in the place of the deceased assignee has been determined by the courts of this state upon the theory that the personal representative, having the custody of the property of the deceased trustee, is the only person who is able to account for the same.    In re Grove, 64 Barb. 526, affirmed 53 N. Y. 645.    It is true that another person was substituted in the room of the deceased assignee, but the court held that the administratrix was the proper party brought into the proceeding for the purpose of the accounting for the trust estate held by the deceased assignee.    And in People v. Commissioners of Fire and Building, 105 N. Y. 674, 12 N. E. Rep. 179, the court held that in a special proceeding the legal representative of a deceased, who was his widow, was entitled, by reason of her interest in the estate, in which she may be charged with liability, to be substituted in such proceedings, and have them continued.    In Boone v. Bank, 84 N. Y. 83, the court held that upon the death of a trustee the right to demand and receive the trust fund devolved upon his administrator, and he became successor in law to the deceased, as the trustee, who held the same subject to the same trust as his intestate and predecessor in the trust had held it.    In Re Wiley, 119 N. Y. 642, 23 N. E. Rep. 1054, the court held that upon the death of a guardian, executor, or administrator, his representatives stand in his place, for the purpose of closing the estate.

Our attention has been called in the supplemental brief (for which no leave was given by the court) to chapter 185, Laws 1882, which provides that upon the death of a trustee, etc., the trust estate shall not descend to the next of kin or personal representatives, but the trust, if unexecuted, shall vest in the supreme court, with powers, etc., and shall be executed by a person designated by that court.    This act was passed after section 10 of the assignment act, but, we think, has no application to assignments, and applies only to express trusts, which are set forth in page 2437, § 55, Rev. St., (8th Ed.)    It also appears that express trusts as to personal property (4 Rev. St. [8th Ed.] p. 2516, § 2,) have reference to the express trusts mentioned, and have no reference to proceedings under the assignment laws.    But, even where the courts may appoint a new trustee, in such cases that power vests in the supreme court, and does not lie in the court of common pleas. In this proceeding the court below has directed that the executrix, as personal representative of the deceased assignee, shall not be a party to

this proceeding, and, notwithstanding such order, has directed that she shall account for the property of the deceased assignee which may have come into her possession. But if she is not a party to this proceeding, and holds this property as executrix of her decedent, then the court below had no power to make this order; for, as executrix, she is only required to account, after a lapse of 18 months, in proceedings instituted in the surrogate's court.

The respondent claims that Mrs. Steinheauser should not, in any event, have been appointed the substituted assignee in place of her husband, because she is a woman. It is quite true that this court has been very careful not to take the bond of a married woman in assignment cases, if it could be avoided; but it has frequently had cases where women, and indeed married women, have been assignees.

It was also contended on the argument that Mrs. Steinheauser should not have been made substituted assignee because certain of her husband's charges may be disputed upon the accounting, but this is only what happens continually in the cases of assignees, and she will be put in no more hostile position to the creditors than is always the case when such questions arise.

It is therefore clear that the order of November 11, 1892, should be vacated and set aside. But it is also clear that the order of September 30, 1892, having been made without notice to any of the creditors or the surety, and on a notice of less than eight days, and without providing for any bond to be given on the part of the substituted assignee, should not be restored to vitality. Under the circumstances, all the parties in interest being before this court, we think it is proper that a new order should be made, substituting Mary C. Steinheauser as assignee in the place and stead of her deceased husband, upon her giving a bond, to be approved by one of the judges of this court, in the sum of $30,000. No costs of this appeal to either party. All concur.